## THE PEOPLE *ex. rel.* LEWIS D. WILLING *v.* THE JUDGES OF THE CIRCUIT COURT FOR THE COUNTY OF JACKSON.

A brought replevin against B, in a justice's court, and recovered a judgment, which was afterwards reversed by the Circuit Court on *certiorari:* and, at the next term after the reversal of the judgment, B moved that Court for an order, "that a jury be empannelled to assess the plaintiff's damages," which the Court refused, ordering, "that the motion of the plaintiff in error, that a jury be empannelled and sworn to assess the value of the goods and chattels replevied, be denied." Whereupon, B moved this Court for a *mandamus,* commanding the Circuit Court to empannel a jury to assess the value of the property. On such motion, it was *held,* that the Circuit Court had no such power as the mandamus would command them to exercise; the statute, (R. S. 525, § 6,) applying only to actions originally brought in that Court.

But *held,* further, that, in such a case, the Circuit Court would have power under §§ 170 and 135 of the justice's act of 1841, (S. L. 1841, p. 81,) to award a restitution of the property.

*Held,* also, that the motion for assessment was made too late, the parties being out of Court, when the term at which the judgment was reversed had expired.

*Held,* also, that the refusal of the Circuit Court to grant the motion for assessment of *damages* by a jury, was not a proper foundation for the application to this Court, for a mandamus, commanding the Circuit Court to empannel a jury to assess *the value of the property* replevied.

MOTION for a mandamus. Jacob M. Wilsie brought replevin against Willing, the relator, in a justice's court, and recovered a judgment. The relator removed the cause by writ of *certiorari* to the Circuit Court for the county of Jackson, where the judgment of the justice was reversed, at the April term, 1842. At the ensuing October term, the relator, the plaintiff in the *certiorari,* moved the Circuit Court for judgment for costs, " and that a jury be called to assess the plaintiff's damages." Whereupon the Court made an order "that the motion .of the plaintiff in error, that a jury be empannelled and sworn to assess the value of the goods and chattels replevied, be denied." Upon these facts the relator applied for a *mandamus* to the Circuit

People *v.* Judges of the Jackson Circuit Court.

Court, commanding that Court to empannel a jury to assess the value of the property replevied on the process from the justice's court, to the end that judgment and execution might be had therefor in the Circuit Court.

*P. Farrand,* in support of the motion.

*D. Johnson,* contra.

GOODWIN, J. delivered the opinion of the Court.

The principal point presented in argument is, whether, under the statutes, the Court should have empannelled a jury, to assess the value of the property replevied; and, as involved in this proposition, whether it had the authority to do so.   The solution of this question depends on the construction to be given to the chapter in the Revised Statutes on Replevin, (R. S. 523,) and the Justice's act of 1841, (S. L. 1841, p. 81.)

The 6th section of the former contains the provision under which the power is claimed to exist.   It provides that, "if the plaintiff discontinue, become nonsuited, or judgment be rendered against him on demurrer, or if he shall otherwise fail to prosecute his suit to final judgment, then, in either of these cases, the court, on motion of the defendant, shall empannel and swear a jury, to inquire and assess the value of the goods and chattels so replevied."   This provision applies to actions originally brought in the circuit court, as is evident from the whole chapter, and particularly the 2d section, which provides for the issuing of the writ from that court only.   And, by the Revised Statutes, justices had no jurisdiction of actions of replevin, it being expressly excluded.   R. S. 389.

By section 170 of the Justice's act of 1841, the jurisdiction is conferred, and they are required to proceed, as nearly as may be, as is provided in the Revised Statutes, on the subject; and the writ of *certiorari* and appeal are

allowed "in the same manner, and with like effect, as upon other judgments rendered by justices of the peace." The jurisdiction of the Circuit Court by *certiorari* is given and regulated expressly by statutes and no general supervisory power is given to that court as a court of error or review.    Its powers and duties in respect to the judgment to be rendered on this writ, are prescribed in sections 132, '3, '4 and '5, of the Justice's act alluded to, (L. 1841, p. 114,) and in none of them, do we find the authority given, which is now claimed for it.    Judgment is to be given as the right of the matter may appear, without regard to technical defects, &c.; the judgment below affirmed or reversed, in whole, or in part; and execution on the judgment rendered in the Circuit Court to issue as in other cases.    By section 135, it is provided that if a judgment rendered before a justice be collected, and afterwards be reversed, the Circuit Court shall award restitution of the amount so collected, with seven per cent interest; satisfactory evidence of such collection being presented to the court, at the argument of the cause.    This approaches nearer than any other provision, to the relief sought, but obviously does not embrace it.    It goes no further than to authorize the court to award a restitution of the property replevied.    This, I think, in connection with section 170, it does fully authorize.    The relief sought, however, was well refused, and the motion for a *mandamus* must be denied.

There is, also, another reason, why I think the motion should be denied.    The reversal of the judgment was in May, 1842, and the motion for an assessment was not made until the ensuing term.    Judgment had been rendered, the term had passed, and the parties, strictly speaking, were out of court.    The court had not been continued over, and they had no day therein further.    I think,

People *v.* Judges of the Jackson Circuit Court.

for this reason, the motion made in the Circuit Court might well have been denied.

Further, the motion which appears in the papers, is for an assessment of *damages* by a jury, and not of the *value of the property.* The statute contemplates an assessment *of the value of the property* by a jury, and of damages *by the court.* The motion was for one thing, and the relief sought in the Court below, and in this Court, for another. Although this point was not made on the argument, I think that for this cause the motion might well have been denied.

The *mandamus,* (at common law,) is a high prerogative writ, which is granted only in a case where a party has a clear, strictly legal right, and no other remedy, and there would be otherwise a failure of justice. It is used very sparingly, and only when the right is entirely clear and apparent.

For all these reasons, then, I think the application must be refused.

*Mandamus refused.*