## Case No. 4,799.

### FIRST NAT BANK v. DOUGLAS COUNTY.

[3 Dill. 330;[1] 1 Thomp. Nat. Bank Cas. 268;
1 Cent. Law J. 584.]

Circuit Court, D. Nebraska. 1874.

J. M. Woolworth, for plaintiff.

J. C. Cowin and J. M. Thurston, for defendant.

DILLON, Circuit Judge. This is a bill by the First National Bank of Omaha to restrain the collection of a tax assessed and levied under the revenue laws of the state, for the year 1873, upon the shares of the shareholders in the bank, and which tax, it is alleged, the collector is about to collect by entering the banking-house of the plaintiff, and seizing its property.

The bill avers that the capital of the plaintiff is $200,000, and that this amount is wholly invested in bonds, issued by the United States; the stock is divided into shares of $100 each, and is valued for taxation at that sum. The object of this bill is to have the whole tax declared void, and to restrain its collection.

The principal ground for the relief asked, is, that the act of the legislature of the state, passed February 27, 1873 [Gen. St. Neb. 1873, p. 938], which provides for the taxation of shares in national banks, is void, for non-compliance with the conditions upon which, under the acts of congress, such taxation by the state, or under its authority, is permissible.

The third section of this act is in these words: "The stockholders of every national bank located in this state, or of any bank incorporated under the laws of the state, shall be assessed and taxed on the value of their shares of stock therein, in the precinct where such bank is located, whether the stockholders reside in such place or not. Such shares shall be listed and assessed with regard to the ownership thereof, subject, however, to the restriction that taxation of such shares shall not be at a greater rate than is assessed upon any other moneyed capital in the hands of individual citizens of this state, in the county or precinct where such bank is located. The shares of capital stock of national banks not located in this state, held in this state, shall not be required to be listed under the provisions of this act. Each national bank shall furnish to the assessor a full and correct list of the names and residences of its stockholders, and the number of shares held by each, and the assessor shall report the same to the county clerk in his

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]

assessment return. The taxes against such shares shall be levied against the holder of the same, in the list of personal property, and shall be paid by the bank."

The revenue law of the state further provides that the value of stock in corporations shall be taxed, and that "in assessing the value of such stock, the actual value, in cash, of all the property that is represented, shall be considered, and no deduction shall be made in such valuation by reason of debts owing by said corporation, unless, as in other cases, such deductions be made from the item of money and credits listed by such corporation."

The plaintiff contends that the act of February 27, 1873, is void, and no tax can be lawfully levied thereunder, because:

1. The act does not provide that the tax imposed on the shares shall not exceed the rate imposed upon the shares of banks organized under the authority of the state.

2. The act in effect provides for the taxation of the capital of the national bank, and not of the shares in the hands of the stockholders thereof, forasmuch as, thereunder, the valuation of the entire property of the bank is to be first ascertained, and the bank itself is to pay the taxes—the name of the stockholder being used merely to give to the proceedings the color of a tax upon the shareholder's interest.

The act of congress, in express terms, allows the states to impose taxes upon the shares of national banks, and the only substantial limitation upon the power of the states is that they shall not subject these shares to taxation to an amount greater than they assess upon their own banks, or upon moneyed capital in the hands of their own citizens.

The first objection above stated to the state enactment is not well taken. The act provides in terms that the stockholders in all banks, state and national, shall be assessed and taxed on the value of their shares therein. This is equivalent to a provision that there shall be no discrimination in favor of the state banks, and against the national banks, and it is not necessary that there should be added a clause that the tax imposed on the shares in national banks shall not exceed that imposed on shares in state banks.

It is next urged as an objection to the state legislation above mentioned, that it in effect provides for a tax upon the capital instead of the shares of the banks, and that as the capital of the plaintiff is invested in United States securities, which are exempt from taxation, the taxation under the law of the state is illegal. By recurring to the act of the state, it will be seen that it does not undertake to tax capital, but only shares, and that this mode is prescribed for shares in both classes of banks. It is settled by the decisions of the supreme court of the United States that, as respects the power to tax,

there is a distinction between capital and shares; and that the shares may be taxed, although the entire capital of the bank is invested in United States bonds, and that in the valuation of such shares for taxation, such valuation is not illegal because the assessing officers have not deducted the value conferred upon the shares by the non-taxable United States securities owned by the bank. Van Allen v. Assessors, 3 Wall. [70 U. S.] 573; People v. Tax Commissioners, etc., of City of New York [4 Wall. (71 U. S.) 244]; Lionberger v. Rouse, 9 Wall. [76 U. S.] 470.

The above cases are decisive against the objection we are now considering to the act of the state. It does not attempt to discriminate against the national banks, but provides one and the same mode for ascertaining the value of shares in the stock of all corporations, and more than this, the legislation of congress does not require. Lionberger v. Rouse, supra.

The bill does not state that the valuation of the shares in the plaintiff's bank is in excess of their actual value, nor that the valuation of the shares in the State Bank of Nebraska is less than their real value, and states no fact showing that the taxation, which the plaintiff seeks to avoid, is in fact excessive or disproportionate. It is therefore destitute of any substantial equity.

It is alleged on information and belief, that the capital of the banking partnership of Caldwell, Hamilton & Co. has not been assessed for taxation, but it is not stated that this has been intentionally done, nor does the bill negative that this may have been an accidental omission, and hence makes no case entitling the plaintiff to relief against the payment of the taxes in question.

It is, however, insisted that the bank can not be made liable in respect of the taxes on the shares, and that the collector ought to be restrained from making distress of the property of the bank. But the act of the state in terms provides that the taxes on the shares "shall be paid by the bank," and it is competent to make such a provision. National Bank v. Com., 9 Wall. [76 U. S.] 354; Lionberger v. Rouse, supra. Undoubtedly the bank could be made liable to pay such taxes by suit, and no reason is seen why the collection may not be enforced by distraint in the same manner as other taxes are collected. The demurrer to the bill is sustained and the bill dismissed. Decree accordingly.