LEONARD EYKE, TREASURER OF THE CITY OF MUSKEGON, v. HERMAN O. LANGE, CASHIER OF THE MERCHANTS' NATIONAL BANK OF MUSKEGON.

*Taxes—Bank-stock—Mandamus to cashier.*

*Mandamus* will not lie to compel the cashier of a bank to pay the taxes assessed against its stockholders under the tax law of 1889, the remedy provided by the act for the collection of such taxes being clear and specific.

*Mandamus.*    Argued March 1, 1892.    Denied March 11, 1892.

Relator applied for *mandamus* to compel the cashier of a bank to pay taxes assessed against certain of its stockholders. The facts are stated in the opinion.

*DeLong & O'Hara,* for relator.

*Sessions, Soper & Bassett,* for respondent.

PER CURIAM. This is a petition filed for the purpose of compelling the respondent to pay the taxes assessed against the stockholders of the Merchants' National Bank of Muskegon. The validity of the tax is contested, and, if we should hold that *mandamus* is the proper remedy, then, under the issue raised by the pleadings, the case must be sent down for trial.

Shares of bank-stock are personal property, and are assessed to the owners thereof. In this case the owners of 511 shares have paid their taxes, while the owners of 489 shares have not. The statute (Act No. 195, Laws of 1889, § 11) under which this tax was levied provides that—

"All shares in banks shall be assessed to their owners

in the town where the bank is located: *Provided*, that shares owned by a person residing within the county where the bank is located shall be assessed in the town where he resides."

Section 33 of the same act provides that, for the purpose of collecting the taxes remaining unpaid January 1, the township treasurer shall make demand upon the delinquents, and then contains the following:

"In case of any tax assessed upon the shares of the capital stock of any bank, he shall call upon the cashier of such bank, and demand · payment thereof; and thereupon it shall be the duty of such cashier to pay the same, and charge the amount so paid against the shares of stock so taxed."·

Section 34 of the act provides that the township treasurer shall seize the personal property of any delinquent tax-payer and sell it; and also if he is otherwise unable to collect the tax on personal property, he may sue the person to whom it is assessed, in the name of the township.

Here two ways are provided by which the collector may proceed to collect the tax. If the tax-payer refuses or neglects to pay, the collector must proceed by these methods. In the case of bank-stock, for convenience in collecting the public revenues the cashier of the bank is made the agent of the tax-payer. The remedy to proceed against him by these methods is clear and specific. If the tax collector may not proceed by the extraordinary writ of *mandamus* against the tax-payer directly, we see no reason for holding that he may proceed in this manner against the agent forced upon him by law, and not from his own choice.

We do not think *mandamus* the proper remedy; and the writ will be denied.