LEONARD EYKE, TREASURER OF THE CITY OF MUSKEGON, v. HERMAN O. LANGE, CASHIER OF THE MERCHANTS' NATIONAL BANK OF MUSKEGON.

[See 90 Mich. 592; *ante*, 19.]

*Taxes—Bank stock—Mandamus—Action against bank.*

*Mandamus* will not lie to compel the cashier of a bank to pay the taxes assessed upon the shares of its capital stock under the tax law of 1889, there being an adequate remedy by distress, or by an action at law against the bank, for the collection of said tax.

Rehearing, by order of the court, of *mandamus* case reported in 90 Mich. 592. Argued February 26, 1895. Former decision affirmed June 4, 1895. The facts are stated in the several opinions.

*Brown & Lovelace*, for relator.

*C. W. Sessions* (*F. W. Cook*, of counsel), for respondent.

HOOKER, J. The facts in this proceeding appear in the former decision of this Court, reported in 90 Mich. 592.

The subject-matter was again before the Court, in another form, in *City of Muskegon v. Lange, ante,* 19. The earlier case is now here upon rehearing, and the question before us is whether *mandamus* should issue to compel the cashier of a national bank to pay taxes assessed against a stockholder upon his stock of said bank.

This tax appears to have been assessed under the law of 1889. (See 90 Mich. 592.) Section 33 makes it the duty of the cashier to pay such tax, and this has been held to mean that the bank shall pay such taxes upon notice to the cashier. Section 34 provides for the collection of taxes by action at law or distress. It is true that this section, strictly construed, would limit the right to actions against the persons assessed; but a reasonable construction of the two sections, taken together, would warrant resort to an action at law against the bank, and this construction is justified by the language of Mr. Justice COOLEY, that—

"It has been shown that taxes are not 'debts' in the ordinary acceptation of that term, and that the statutory measures are to be resorted to for their collection. Generally, no others are admissible. But the remedy by suit may be given by statute either directly or by implication. If no specific remedy is expressly given, or only an imperfect or inadequate one, the presumption that a remedy by suit was intended is but reasonable. Nothing need be said regarding the proceedings in such suits beyond this: that they would take the ordinary course prescribed by law for the collection of money demands, except as the statute may have otherwise provided." Cooley, Tax'n (1st ed.), p. 300. See, also, Id. (2d ed.) pp. 15, 16.

Here the law makes it the duty of the cashier (*i. e.,* the bank) to pay. In such case, under the above authority, an action would lie; and especially would it be held proper in view of section 34. In *Bank v. Douglas Co.,* 3 Dill. 330, it was held by Dillon, J., that in a similar case the tax might be enforced by distraint upon the property of the bank. The statute of Nebraska, which

applied to the case, provided that "the taxes against such shares shall be levied against the holder of the same, in the list of personal property, and shall be paid by the bank." Apparently, the statute of Michigan affords a more complete remedy than that of Nebraska. The significance of this is that, there being another adequate remedy, *mandamus* will not lie. It is a rule of general application that *mandamus* is not to be resorted to if another adequate remedy exists. Merrill, Mand. § 17. This has been repeatedly held in this State. *People v. Jackson Circuit Judges,* 1 Doug. 302; *People v. Branch Circuit Judges,* Id. 319; *People v. Wayne Circuit Judge,* 1 Mich. 359, 19 Id. 296; *People v. Allegan Circuit Judge,* 29 Id. 487; *Burt v. Wayne Circuit Judge,* 82 Id. 251.

*Mandamus* is not adapted to the collection of debts, and is not to be used for that purpose. Merrill, Mand. § 17. And, if it be said that a tax is not a debt, the fact remains that questions are likely to arise, where the legality of a tax is disputed, which cannot well be tried in such proceeding. It is also significant that the law does not provide for such method of collection. It is strenuously urged in behalf of relator that the law does not provide for collection against the bank by action; but it is inconsistent to give such a reason for invoking a remedy upon which the statute is also silent.

Cases are rare where *mandamus* has been sustained for the collection of taxes. Our attention is called to five,— three from Maryland, one from Illinois, and one from Vermont: *Emory v. State,* 41 Md. 38; *State v. Mayhew,* 2 Gill, 487; *Barney v. State,* 42 Md. 480; *McVeagh v. City of Chicago,* 49 Ill. 318; *Town of St. Albans v. National Car Co.,* 57 Vt. 68. In *Barney v. State* the propriety of the remedy by *mandamus* appears not to have been discussed. The earlier case of *Emory v. State,* 41 Md. 38, expressly refers to *State v. Mayhew* as authority for the

proceeding. In that case the proceedings were sustained, but it was expressly decided upon the ground that *mandamus* was the only existing remedy.

*McVeagh v. City of Chicago* arose under a statute authorizing banks to pay the taxes of stockholders from their dividends. It was held that the bank might be compelled to appropriate the dividends to pay the taxes. It does not appear that the statute provided any procedure or remedy, or that there was a liability upon the bank other than the duty to appropriate dividends to payment. In this case the question before us is discussed only so far as to assert the right of the state "to use all the means, summary or otherwise, not prohibited by a higher power, to collect them," and that *mandamus* is among them. The case of *State v. Mayhew* is cited, and approved in general terms. The statement that the state is entitled to use any method not prohibited, unless it refers to a statutory right, is at variance with the doctrine of a cloud of cases cited by Mr. Justice COOLEY in his work on Taxation to the contrary. Cooley, Tax'n (2d ed.), 15, 16, and note.

In *Town of St. Albans v. National Car Co.* the court admitted that the writ should not issue if the petitioner had an adequate remedy at law. It expressed doubt of the right of action against the bank, and intimated that an action at law would not be an adequate remedy because too slow.

If this remedy exists, it must be because the defendant is a corporation; for taxes assessed against a private person cannot be collected by *mandamus*. See Merrill, Mand. § 23, and cases cited; Id. § 156. *Mandamus* will lie against a private corporation when it owes a public duty arising out of its franchises. Id. § 159. But this is only in cases where there is no other adequate remedy. Id. § 163. In *Person v. Railroad Co.*, 32 N. J. Law, 441, *mandamus* to

compel payment of taxes issued where there was no other remedy.

This tax might have been collected by distress, or action against the bank, and we have already held that it could not be collected by action against the cashier. But, where there is another adequate remedy, there would seem to be no greater necessity for the use of this remedy in cases of corporations than in those of private persons; and there are the same objections. We are convinced that *mandamus* is not a proper remedy against either, and that the order denying the writ was right.

The writ should be denied, with costs.

McGRATH, C. J., and LONG, J., concurred with HOOKER, J.

GRANT, J. (*dissenting*). I think the writ of *mandamus* should issue for the reasons stated in my opinion in the case of *City of Muskegon v. Lange, ante*, 22. It is matter of common knowledge that the cashier of a bank is usually its managing officer, has the control of its funds and books, and is familiar with its affairs and the condition of its stock. For this reason, the Legislature made it the duty of this officer to pay the taxes assessed against its stock, not as an individual, but as an officer of the bank, and the proper custodian of its funds, its stock, and the dividends arising therefrom. As shown in my former opinion, he can make any legal defense which the stockholders or the bank could make in suits instituted against them. If the State possesses the right to compel the bank to pay the taxes upon its stock, it certainly possesses the right to provide that such taxes shall be paid by the proper officer or officers of the bank. *Mandamus* is the proper remedy to compel an officer to perform a duty imposed upon him by statute. Whatever may be the decisions of other courts, this Court has repeatedly granted the writ of

*mandamus* where another remedy existed. I think this speedy remedy should be applied in so important a matter as the collection of the public revenue, where an officer of a corporation is made the legal medium through which such funds are to be collected. Since the validity of the tax is denied by the answer, issues should be framed and sent down for trial.

MONTGOMERY, J., did not sit.