BOARD OF SUPERVISORS OF BAY COUNTY v. BOARD OF SUPERVISORS OF ARENAC COUNTY.

111 105
f154 555

COUNTIES—TAXES—MANDAMUS.

*Mandamus* will not lie to compel a county organized from the territory of another county to refund the amount of State taxes paid by the latter to the use of the former in consequence of an erroneous apportionment, where the amount of the claim is in dispute, since other adequate legal or equitable remedies exist.

*Certiorari* to Arenac; Sharpe, J. Submitted October 6, 1896. Decided December 9, 1896.

Application by the board of supervisors of Bay county for *mandamus* to compel the board of supervisors of Arenac county to refund certain taxes erroneously ap--

portioned to, and paid to the State by, the former county.
From an order dismissing the petition upon demurrer,
relator brings *certiorari*.    Affirmed.

*Isaac A. Gilbert* and *C. L. Collins*, for relator.

*Sanford E. Hayes* and *Gordon & Reardon* (*Hanchett
& Hanchett*, of counsel), for respondent.

HOOKER, J.    The county of Bay filed its petition in
the circuit court for the county of Arenac, praying that
the board of supervisors of the latter county be required
to raise, by tax upon the property subject to taxation
within its borders, the amounts which should have been
paid by Arenac county for State taxes for the years 1883,
1884, and 1885, with interest, a portion, at least, of which
amount was paid by the county of Bay in 1896, as re-
quired by this court in the case of *Auditor General* v.
*Supervisors of Bay Co.*, 106 Mich. 662.    A demurrer
was interposed, and the cause is here upon *certiorari*,
the circuit court having sustained the demurrer upon the
ground that *assumpsit*, and not *mandamus*, is the proper
remedy.

The respondent asserts that the claim of the relator, or
at least a part of it, is barred by the statute of limitations,
and that this appears from the opinion of this court in the
case cited, which the petition refers to, and prays that
it be treated as a part thereof.    It also denies liability,
asserting that, if Bay county chose to raise and pay more
than its proportion of the State tax, it cannot compel the
repayment of such excess by Arenac county, to which it
has never been apportioned.    The circumstances under
which this tax was apportioned to Bay are, briefly, that
the territory now within the limits of the county of Are-
nac was at one time a part of Bay county, and after the
State equalization of 1881, and in the year 1883, the new
county was organized by the legislature.    This county
was not mentioned in the apportionment of the State tax
for the years 1883, 1884, and 1885, and, as a result, the tax

for the whole territory was apportioned to Bay county, on the basis of the equalization of 1881, and was collected and paid, as stated above.

This case is similar to that of *Supervisors of Ontonagon Co.* v. *Supervisors of Gogebic Co.*, 74 Mich. 721. It was there held that the auditor general should have taken notice of the law organizing Gogebic county, and apportioned a proper proportion of the State tax to said county thereafter, using the assessment rolls of 1886 as a basis. But the court said:

"By [1 How. Stat.] section 463 it is provided that counties may implead each other at law or in equity, on any matters of variance, and get relief in that way. If this new question of apportionment requires and admits of an enforced formal adjustment, there seems to be no difficulty in resorting to the proper judicial tribunals. If Ontonagon county has paid money to the use of Gogebic, it can be recovered back. * * * So far as the assessments of 1887 and 1888 are concerned, there is no apparent way now for the auditor general, without special legislation, to correct the error, *and the relators, if no amicable settlement can be made, can resort to the usual judicial remedies.*"

It does not appear that a demurrer was interposed in this case, or that there were disputed questions of fact, as the court refused to send down for trial the only one mentioned; and it would therefore seem that the court disposed of the case upon the single proposition that there was another adequate remedy, according to the general rule, discussed and recognized in *Eyke* v. *Lange*, 104 Mich. 28, and authorities there cited, for otherwise there was apparently no impediment to an adjustment of the amounts theretofore paid in the proceeding. Again, unless we are to hold that the statute of limitations does not run against the county of Bay, there is a possibility of a dispute as to the amount due from Arenac. It is claimed that the entire amount collected before December 31, 1884, was paid over to the State before January 1, 1885, and that this of necessity included the tax of 1883.

Without attempting to determine or speculate upon the facts, we may say that we can see that this claim might be sustained, if, indeed, the petition does not show it to be true.

It is urged that the county is but an agency of the State, and that the statute of limitations does not apply to claims against it. It is claimed by counsel for the relator that the statute of limitations cannot be interposed by way of defense in *mandamus* cases, and, if this is so, it is a sufficient reason for requiring relator to bring an action or suit; but, whether counsel are right in this or not, *mandamus* is not to be resorted to when legal or equitable remedies are adequate, in a case where the amount of the claim is in dispute.

We are of the opinion that the order of the circuit court should be affirmed, and it is therefore so ordered.

The other Justices concurred.