*762 OPINION.
Aeundell:
Under the provisions of the revenue act the petitioner is entitled to deduct from its gross income taxes imposed upon the stock of its shareholders which are paid by it without reimbursement from its stockholders. Sec. 284 (a) (8), Eevenue Act of 1926.
The laws of Michigan provide for the assessment of personal taxes on shares of bank stock “ to their owners ” in the township, village *763 or city where the bank is located, “ Provided, that the shares owned by a person residing in the county where the bank or trust, deposit or security company is located shall be assessed in the township or city where he resides * * Secs. 4002 and 4008, Compiled Laws of 1915, State of Michigan, as amended by Public Act No. 8 of 1917, and Public Act No. 163 of 1923.
Section 4042 of the same laws reads:
In the case of taxes assessed, upon the shares of the capital stock of any bank, he (the Treasurer) shall call upon the cashier of such banks and demand payment thereof, and thereupon it shall be the duty of such cashier to pay the same and charge the amount so paid against the shares of stock so taxed.
The parties differ only in whether the taxes were paid by the petitioner within the meaning of the'taxing act. This question turns upon whether the payment of the amounts by the stockholders under the credit arrangement set forth in the stipulation of facts constitutes payment by the petitioner. We think it does.
The Michigan statute has been construed to mean that, where a demand for payment of tax assessed against a stockholder on his stock is made upon the cashier of the bank, it is his duty to pay the same from funds of the bank, and that an action will not lie against him personally because of this duty of the bank to pay. City of Muskegon v. Lange, 104 Mich. 19; 62 N. W. 158; Eyke v. Lange, 104 Mich. 26; 63 N. W. 535.
Here, the petitioner, instead of paying the taxes directly to the taxing authorities, as it had done in the case of taxes levied on stock held by residents of Detroit and counties other than Wayne, credited the account of each stockholder with an amount for the payment of the taxes purely as a matter of convenience. Had the petitioner placed the funds in the hands of its cashier or another officer or employee, with similar directions, there would.be little, if any, doubt as to the deductibility of the taxes paid under such a plan of procedure. The petitioner accomplished the same purpose by designating the stockholders to pay the tax levies with its money. A payment of tax by a stockholder was, under the plan adopted, a payment by the petitioner, and, under the provisions of section 234(a) (3), is deductible in the year paid.
The parties have stipulated the amount of tax paid by the various stockholders during each taxable year. The total amount so paid each year will be determined therefrom and proper allowances made therefor in the recomputation to be filed under Eule 50.
Effect will also be given in the Eule 50 proceedings to the admission of petitioner that it is not entitled to a loss deduction of $25,900 in 1927 on certain securities.

Decision will be entered) under Rule 50.