CITY OF JEFFERSON, *Plaintiff in Error*, v. MOCK.

Taxes. The owner of real estate is not personally liable for taxes assessed against another as owner.

*Error to Cole Circuit Court.*—The case was tried before
      SAMUEL H. OWENS, ESQ., sitting as Special Judge.

AFFIRMED.

      *Edwards & Davison* for plaintiff in error.

      *Botsford & Williams* for defendants in error.

HENRY, J.—This is a suit against defendants to recover
delinquent city taxes assessed against William Kinney on
in-lots Nos. 115, 118, 119, in said city, and to enforce a lien
against said lots. A demurrer to the petition was sustained,
and the city has appealed.

In the case of the *City of Jefferson v. Whipple,* 71 Mo.
519, it was decided that the city had no lien for taxes, but
that the city could maintain an action against the owner of
a lot for the taxes assessed thereon against him. In that
case it was held that no cause of action was stated against
the defendant, because of the vagueness of the description
of the property assessed. It was described as: "Part of
in-lot No. 331, on the plat of said city." In the case at bar,
no cause of action is stated against the defendants, because
it is alleged in the petition that the taxes were assessed
against William Kinney. The defendants are not person-
ally liable for the taxes, although they may be owners of
the lots. If the taxes had been assessed against the de-
fendants, and they, at the time they were so assessed,
owned the lots, and the petition had so alleged, it would
have stated a cause of action, although, in the petition,
the city claimed a lien for the taxes, which did not exist,
and sought to enforce it against the lots. The judgment
is affirmed. All concur.