THE CITY OF JEFFERSON, *Plaintiff in Error*, v. CURRY.

1. **Jefferson City: TAXES, ACTION FOR.** Under the charter of the City of Jefferson, as revised in 1872, (Sess. Acts 1872, p. 393, ? 14,) the city may maintain a personal action for taxes against any person in whose name any taxes are assessed, if he was the owner of the property taxed at the time of the assessment.

2. **Practice.** Judgments against one of several defendants are expressly authorized by section 3673, Revised Statutes.

*Error to Cole Circuit Court.*—HON. GEORGE W. MILLER, Judge.

REVERSED.

*Edwards & Son* for plaintiff in error.

*Ewing & Hough* and *Botsford & Williams* for defendant in error.

WINSLOW, C.—This is an action by the City of Jefferson, a municipal corporation, for corporation taxes, assessed in the name of William A. Curry, against certain lots described in the petition, for several years between 1866 and 1874, of which real estate, it is alleged, the other defend-

ants have since become the owners. The petition was drawn upon the theory that the city had a lien upon the property for these taxes, which it could enforce against it in the hands of subsequent purchasers. In the case of the *City of Jefferson v. Whipple,* 71. Mo. 519, it was held that this lien did not exist, but that the city could maintain a personal action for the taxes In the case of the *City of Jefferson v. Mock,* 74 Mo. 61, it was held that this action could only be maintained against the owner at the time of the assessment of the taxes, in whose name the property must have been assessed. The petition is one of a printed form adopted and used for these suits, and is, therefore, very full in its allegations, containing sufficient to authorize a personal judgment against such of the defendants as were owners of the property at the time of the assessment and in whose name it was assessed. Defendants demurred to this petition on two grounds. 1st, Because it did not state facts sufficient to constitute a cause of action. 2nd, Because the city had no lien for these taxes. This demurrer was sustained; the plaintiff declined to plead further, and judgment was rendered thereon for the defendants, to reverse which the plaintiff brings the case here by writ of error.

It will be observed that the demurrer raises no question as to the misjoinder of parties, apparent on its face; nor does it raise the question of limitation, as in the *Whipple case;* and the defective description existing in that case is not found in this one. We mention these matters because the brief in the *Whipple case,* on the part of the defendant in error, has been filed as their brief in this one, and contains points not involved here.

Counsel for plaintiff in error now maintain, since the decision in the *Whipple case,* that the petition stated a good cause of action for the taxes, and that the court should have granted such relief as the plaintiff was entitled to on the face of the petition. In *City of Jefferson v. Mock, supra,* it is said: "If the taxes had been assessed against

the defendants, and they at the time they were so assessed owned the lots, and the petition had so alleged, it would have stated a cause of action, although, in the petition, the city claimed a lien for the taxes which did not exist, and sought to enforce it against the lots." This petition does allege that defendant Curry was the owner of the lots, and that the taxes due thereon were assessed against him as such owner. This brings the case within the rule above stated; and as the petitions in these cases are alike in their general allegations, it follows that the court below erred in sustaining the demurrer. The city was undoubtedly entitled to a judgment against Curry for the amount of the taxes, on the admission made by the demurrer. The city charter expressly authorizes personal actions for these corporation taxes. Laws 1872, p. 393, § 14. The demurrer admitted a good cause of action against Curry; and the court in rendering the judgment, should have made it conform to the facts stated and admitted.

Judgments against one of several defendants are expressly authorized by statute. R. S., § 3673.

The judgment should be reversed and the cause remanded. All concur.