## THE STATE ex rel. WILSON, Collector, v. FIRST NATIONAL BANK OF CARTERVILLE, Appellant.

### In Banc, March 23, 1904.

1. **TAXATION: Valid Assessment.** A valid assessment is an essential prerequisite to a lawful exercise of the power of taxation.

2. **——: ——: Against National Banks.** The assessment of personal taxes to be paid by a national bank must be against the stockholders, in proportion to the value of their stock, and not against the bank as a corporation. This is the meaning of the statute.

3. **——: ——: Reason for Rule.** The reason for the statutory requirement that the assessment be against the stockholders is to be found in the effort of the Legislature to bring the laws of this State on the subject of bank taxation into harmony with the laws of Congress in relation to taxation of national banks.

4. **——: ——: ——: Statute of 1895: Omission of Certain Words.** The omission of the words, "and the names of the persons who hold the same," from the act of 1895 theretofore found in the statutes, which refer to the duty of the president or other chief officer of the bank to deliver to the assessor a list of all shares of stock issued by the bank, did not evince a legislative intent to change the manner of assessing the shares of stock of banks. Those words in the act of 1891 were of little significance, and their omission from the act of 1895 is of no practical consequence. The important change in the act of 1895, so far as it concerns banks, was to have the shares of stock valued and assessed at their true value in money, instead of at their face value as theretofore, and that purpose was not affected by the omission of these words.

Appeal from Jasper Circuit Court.—*Hon. Jos. D. Perkins*, Judge.

REVERSED.

*Howard Gray* and *McAntire & Scott* for appellant.

(1) The power to levy taxes is purely statutory and must be clearly given, otherwise it can not be exercised. State ex rel. v. Railroad, 149 Mo. 635; Carondelet to use v. Picot, 38 Mo. 130; State ex rel. v. Shortridge, 56 Mo. 126; State ex rel. v. Railroad, 87 Mo. 236. The power to collect taxes is purely statutory and the collector can take no step which is not provided for by the statute. McPike v. Penn, 51 Mo. 63. The assessment is the basis of the tax, and if it is void, the tax is void. State ex rel. v. Railroad, 114 Mo. 1; State ex rel. v. Railroad, 149 Mo. 635; St. Louis v. Wenneker, 145 Mo. 230; State ex rel. v. Thompson, 149 Mo. 441; Railroad v. Cass county, 53 Mo. 171; Philadelphia v. Miller, 49 Pa. St. 440. (2) The assessment list offered in evidence for the taxes for 1901 shows that the assessor took the capital stock of the bank and deducted from it the value of the real estate, six thousand dollars, the furniture and fixtures, two thousand dollars, and then assessed the balance at 60 per cent. The taxbill and assessment list both for this year show that the taxes were not levied on the stock of the shareholders. The same is true of the taxes for 1900, except the error is more glaring when it is shown that the capital stock of fifty thousand dollars, and only part of the assessment list where the real estate is itemized, is valued at fourteen thousand eight hundred and fifty dollars, but the assessor deducted eleven thousand eight hundred and one dollars from the capital stock, assessed the balance at 40 per cent. The tax book copied in the evidence showed that the taxes were all assessed and levied directly against the bank and on its property with no reference to stock or shareholders. (3) The petition in this case alleges that the appellant is a national bank governed by the act of Congress in relation thereto. This being true, the tax assessed and levied directly against the bank is unlawful and void. Bank

v. Owensboro, 173 U. S. 664; Limeberger v. Rouse, 43 Mo. 67; Bank v. Meredith, 44 Mo. 500; State ex rel. v. Catron, 118 Mo. 280; Springfield v. Bank, 87 Mo. 442; Collier v. Chicago, 4 Biss. 472; Bank v. Richmond, 42 Fed. 877; Bank v. Fischer, 45 Kan. 726; Sumner·County v. Bank, 62 Ala. 464; Bank v. Stone, 174 U. S. 432; Brown·v. French, 80 Fed. 166; Miller v. Bank, 3 N. B. C. 711; Stapylton v. Thaggard, 91 Fed. 931. A bank is not estopped from denying liability to pay tax levied on its capital stock as the personal property of the bank by the fact that for several years it has paid taxes so levied. Bank v. Huffman, 61 N. W. 418. National banks being the creatures of Congress and the right of the States to tax anything pertaining to them being wholly derived from the grant made by Congress, the power to tax shares in such banks for State purposes must be accepted with all the conditions and reservations annexed to its exercise. Maguire v. Board of Revenue, 71 Ala. 401. A State is wholly without power to levy any tax, either direct or indirect, upon national banks, their property, assets or franchises, except when permitted to do so by Congress. Bank v. Owensboro, 173 U. S. 664; sec. 5219, R. S. U. S. 1878. (4) The petition for back taxes against the bank drawn on the theory that the bank is the agent of the shareholder for the payment of his taxes must allege that the bank had in its possession money or property of the shareholder out of which the tax could be paid. Hershire v. Bank, 35 Iowa 272; Bank v. Huffman, 61 N. W. 418. (5) The levying of taxes is a matter solely of statutory creation and no means can be resorted to to coerce their payment other than those pointed out in the statute, and as there was no provision by statute authorizing suit against the bank for taxes on the shares of stock, judgment should have been for the defendant. City of Carondolet v. Picot, 38 Mo. 125; State ex rel. v. Snyder, 139 Mo. 554. (6) Previous to the Act of 1895 the statute expressly provided that the president or other

chief officers of a corporation, such as banks, should under oath deliver to the assessor a list of all shares of stock held therein and the names of the persons who hold the same. Laws 1895, p. 195. In 1895 the statute was amended, omitting the requirement to give the names of the persons who held the stock. R. S. 1899, sec. 9153. While that is true, there was no change of any other statute which provided the method and means and the remedy for the collection of the taxes upon the shares, neither was there any authority given in the laws of 1895 to either assess to the bank or to levy a tax upon the shares of stock of the banking corporation. The law of 1895 did not provide for the taxation of shares of stock in the bank; it only provided that they be assessed. R. S. 1899, sec. 9153. The same section, however, did provide that private bankers, brokers, money brokers and exchange dealers should make like returns and be assessed and taxed. There is no provision, however, authorizing the taxes to be levied or collected from them. The change of the statute made no difference as to whom the shares of stock should be assessed, for the reason that it is a well-recognized principle that property must be assessed to the owner of the same, and not to some one else, and unless such assessment is made to the owner, such assessment is invalid. State ex rel. v. County, 84 Mo. 234; City of Jefferson v. Mark, 74 Mo. 62; State ex rel. v. Railroad, 114 Mo. 7; Abbott v. Lindenbower, 42 Mo. 162. (7) The shares held by the owners of stock in banks and the capital stock of such banks or other corporations, are distinct properties and so taxable. Shelby v. Bank, 161 U. S. 150. (8) It is true that banks may be agents for the collection of shareholders' taxes, yet the shares of stock themselves must be assessed to the owners and there must be some act to show that the shares of stock

are assessed separate from the capital of the bank, and in order to maintain a remedy against the bank, the bank must be the agent of the State for the collection of those taxes which our statutes do not reach.    Bank v. Golding, 2 Utah 10; Miller v. Bank, 46 Ohio St. 431. (9)   While it is true that section 9155, Revised Statutes 1899, provides that the banks shall pay the taxes assessed upon the shares and that the banks may recover from the owners of the shares the amount so paid or deduct the same from the dividends, yet no provision is made or authority given to sue the bank for its default, but on the other hand it is provided that if the bank fail to do that it shall be liable to a penalty of $1,000 to be recovered by indictment and that the shares of stock may be levied on and sold for the payment of the taxes.   State ex rel. v. Catron, 118 Mo. 280; R. S. 1899, secs. 9156, 9230, 9231.   Our position is:   First.   That the shares of stock were not assessed at all.   Second.   That if it be claimed that it was an assessment of the shares of stock, the assessment on the shares was in gross against the bank and was not authorized and is illegal.   Desty on Taxation, 377; People v. N. Y. Tax Comrs. (71 U. S.), 4 Wall. 244; Rosenblatt v. Johnston, 104 U. S. 462; Bank v. Covington, 21 Fed. 485; Bank v. Ky. (76 U. S.), 9 Wall. 353; Bank v. Richmond, 39 Fed. 309; Collins v. Chicago, 4 Bliss 472; Bank v. Mobile, 62 Ala. 284; Bank v. Miller, 19 Fed. 381; Bank v. Parker, 41 Fed. 402; Bank v. Richmond, 42 Fed. 877; Miller v. Bank, 46 Ohio 424; Bressler v. Wayne Co., 25 Neb. 468; Bank v. Elmira, 53 N. Y. 49.   (10)   Even a refusal of the cashier of a bank to furnish list of shareholders does not authorize assessment against bank.   87 Mo. 441.   An assessment not in the name of the real owner is void.   Abbott v. Lindenbower, 42 Mo. 163; Smith v. Davis, 30 Cal. 537; Blatner v. Davis, 32 Cal. 328; People v. Whipple, 47 Cal. 591; Crawford v. Schmidt, 47 Cal. 618.   The au-

thorities in Missouri construing section 9153 to the present date are as follows: Loenburger v. Rowse, 43 Mo. 80; City of Springfield v. Bank, 87 Mo. 443; Ogden v. St. Joseph, 90 Mo. 527; State ex rel. v. Catron, 118 Mo. 280; State ex rel. v. Bank of Neosho, 120 Mo. 169; City of Stanberry v. Jordan, 145 Mo. 377; State ex rel. v. Bank, 160 Mo. 647; Relf v. Columbia Fire Insurance Co., 11 Mo. App. 377. The State is wholly without power to levy any tax, either direct or indirect, upon national banks, their property, assets or franchises, except when permitted so to do by the laws of Congress. Bank v. Owensboro, 172 U. S. 850.

*E. L. Shepherd, E. O. Brown* and *Geo. W. Crowder* for respondent.

(1)   The law of 1895 (now section 9153, R. S. 1899), relating to the taxation of national banks in this State, is to be read in connection with section 9155, Revised Statutes 1899, and when so read they clearly authorize the assessment and taxation of the shares of stock of a national bank *in solido,* to the bank direct, as owner thereof, and such assessment does not constitute a tax upon the bank forbidden by section 5219 of the Revised Statutes of the United States. Bank v. Commonwealth, 9 Wall. (76 U. S.) 352; Lionberger v. Rouse, 9 Wall. 468; Railroad v. Pennsylvania, 134 U. S. 239; Van Slyke v. Wisconsin, 154 U. S. 581; Aberdeen Bank v. Chehalis County, 166 U. S. 440; Bank v. Pennsylvania, 167 U. S. 466.   (a)   The tax in question having been assessed in strict conformity to the requirements of sections 9153-5, Revised Statutes 1899, is valid, and the bank can be compelled to pay the same.   The objection to the validity of the tax because the shares of stock were not assessed in the name of the individual shareholders, is clearly untenable.   Assessment as used in the revenue law means to tax or levying a tax. (b)   While the statute (secs. 9153-5) concerning the

assessment and collection of revenue, in force at the time of the assessment in question, is undoubtedly a crude and imperfect piece of legislation, yet by reading sections 9153-5 together it is obvious, so far as national banks are concerned, that it contemplates the assessment and taxation of all the shares of stock to the bank direct, and that the bank shall pay this tax upon the shares of its stockholders. The statute simply makes the bank the agent to collect from the stockholders the tax imposed upon the shares. The language of section 9155 in this respect is clear, for it provides that the tax assessed on such shares of stock shall be paid by the corporation, and amount so paid recovered from the shareholders, or deducted from the dividends accruing on such shares. That the State has the right to make the bank its agent to collect the tax from the individual shareholders, was settled in National Bank v. Commonwealth, 9 Wall. 353. Moreover, this mode of collecting the tax is one which Congress itself has adopted in collecting its tax on dividends and incomes arising from bonds of corporations. It is the only method which effectually secures the payment of the tax on the shares of non-residents, and is the mode which experience has justified in the New England States as the most efficacious in regard to the numerous corporations in those States. It is clear, therefore, that under the statute above adverted to the tax was properly assessed against the bank itself, and not in the name of the owners of the stock. (c) One construction of the statute, neither forced nor foreign, provides a method for the collection of taxes from corporations, which effectually, and without appreciable loss, absolutely reaches and secures the payment of taxes on all the shares, whether owned by resident or non-resident stockholders. Shall that construction prevail, or shall another be adopted which experience has demonstrated to be utterly inadequate, thus enabling a large per cent of the wealthy corporations of this State to escape the

payment of their taxes? (2) In 1895 the statute authorizing the taxation of national banks was amended by omitting the requirement for the return to the assessor of a list of the names of the shareholders. This requirement to give the list of the names of the stockholders had been in the statute since its first enactment in 1840, the object being, as stated by this court in St. Louis Bldg. Assn. v. Lightner, 42 Mo. 421, that the assessment should be properly made against the individual shareholders. This amendment appears in the Revision of 1899, as section 9153. (3) The purpose of section 9230 is entrely different from section 9246. There can be no repeal by implication in such cases. By the latter the Legislature says that the remedy provided for the collection of personal taxbills is cumulative, and shall not in any manner impair other methods existing or hereafter provided for the collection of the same. State ex rel. v. Bank, 160 Mo. 648; R. S. 1899, sec. 9246. And by the former it declares that in default of the payment by the corporation of taxes due on its shares of stock, the collector is authorized to sell the stock. (4) The cases cited by counsel in support of their contention that the assessment should have been made against the shareholders in their individual capacity, and not against the corporation itself, will be found upon examination to bear no analogy to the case at bar. The circumstances of these cases prevent their being authority. There is nothing in the facts of this case to bring it within the doctrine announced in the cases cited in defendant's brief. It will be observed that all the cases in this State holding that the assessment should be against the individual stockholders, and not against the bank, were based on the revenue law as it stood before the act of 1895 went into effect. State ex rel. v. Bank, 160 Mo. 640. In view, therefore, of the material change in the phraseology of the latter act, these decisions are without application. We will not pause to examine them now, as they will, perhaps, come

.somewhat in review in another connection. It might, perhaps, be remarked in this connection that the act of 1895 has never been construed by this court.

ROBINSON, C. J.—Plaintiff, as collector of the revenue of Jasper county, began this suit against defendant, the First National Bank of Carterville, Missouri, a banking institution, organized under the laws of the United States, to collect certain personal taxes, amounting in the aggregate to $2,563, claimed to be due from the bank to the county and State for the years 1897, 1898, 1899, 1900 and 1901, on account of assessments for those years against the shares of stock issued by defendant bank. The following is a copy of the tax-bill upon which the suit is predicated:

## "PERSONAL TAX BILL.

"State of Missouri, County of Jasper, ss.

"I, Robert A. Wilson, Collector of the Revenue within and for the county of Jasper, in the State of Missouri, do hereby certify that the following amounts of personal taxes remain delinquent in favor of the several funds for the several years on personal property in said county and State, set opposite thereto, to-wit:

State ex rel. v. Bank of Carterville.

| Name. | Township. | Valuation. | Years for which Taxes are due. | School Tax. | | State Tax. | | County Revenue. | | Special Brdg. Tax. | | Min. Twp. R.R. Tax. | | Total Tax. | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Dols. | Cts. | Dols. | Cts. | Dols. | Cts. | Dols. | Cts. | Dols | Cts. | Dols. | Cts. |
| First National Bank of Carterville. | Carterville. | 25200 | 1901 | 327 | 60 | 63 | ... | 126 | ... | 37 | 80 | 25 | 20 | 579 | 60 |
| | | 28606 | 1900 | 306 | 88 | 59 | 02 | 118 | 03 | | | 23 | 61 | 507 | 54 |
| | | 23463 | 1899 | 37 | 58 | 58 | 66 | 117 | 32 | | | 23 | 6 | 481 | |
| | | 21875 | 1898 | 196 | 84 | 54 | 68 | 109 | 35 | | | 21 | 87 | 382 | 74 |
| | | 18179 | 1897 | 245 | 41 | 45 | 45 | 90 | 89 | | | 18 | 18 | 399 | 93 |

"In witness whereof, I have hereunto set my hand at the city of Carthage, in said county and State, this third day of March, 1902.

"ROBERT WILSON,

"Collector of the Revenue within and for the county of Jasper and State of Missouri."

At the trial, judgment was rendered for all the taxes sued for included in the taxbill above set out (except that assessed for the year 1897) to reverse which, defendant has brought the case to this court on appeal.

Appellant's first contention is that nothing was shown either by the taxbill, the tax books or the assessment lists offered in evidence, to indicate that any assessment had ever been made or attempted against the shares of stock of the defendant bank, as alleged in plaintiff's petition, but that on the contrary, the tax books show the assessments were against the capital stock of the bank, and further that if the assessments, as made, be held and treated as assessments against the shares of stock of the corporation bank, still no warrant is found in the statute to justify such assessments of said shares of stock *in solido* to the bank, as plaintiff claims was done in this case; and as its final contention, appellant says that if the court should be of the opinion that since the act of 1895, the statute did authorize the assessments of the shares of stock of national banks, to be made direct against the banks *in solido,* and not against the individual shareholder, then the statute is in violation of the restrictions of section 5219 of the Federal statutes (R. S. U. S. 1878) designating how shares of stock of national banks may be assessed by State authority, wherever such banks engage in business, and for that reason the taxes in this case can not be sustained.   Respondent, upon the other hand, while recognizing that the rule in this State prior to 1895 was, as is contended for by appellant, that all taxes against the shares of stock of national banks and all corporate banking institutions doing business in this State, were assessable against the individual owners of the stock and not against the bank itself, contends that since the amendment of 1895, now section 9153, Revised Statutes 1899, the rule is otherwise, and that the shares of stock of corporate banking institutions doing business in this State are properly as-

sessed *in solido* to the bank direct, as was done by the assessor in this case, and further that such assessments and levy of taxes do not violate the provisions of the Federal statutes authorizing the taxation of shares of stock of national banks by State authority.

Respondent's chief reliance, as we understand his effort to sustain the assessment of the shares of stock of defendant bank *in solido* direct to the bank, as in the present instance, is made to depend upon the fact that by the amendment of 1895, supra, there has been left out or omitted, in the body of the act, the following words, "and the names of the persons who hold the same," found in the law prior to its amendment, prescribing the duties of the president or other chief officer in preparing their statements for the assessors; and that all the assessments involved in this case have been made since the act of 1895 went into effect.

The act of 1891, amended by the act of 1895, provides as follows: "The property of manufacturing companies and other corporations named in article eight, chapter forty-two, and of all other corporations, the taxation of which is not otherwise provided for by law, shall be assessed and taxed as the property of individuals. Persons owning shares of stock in banks, or any joint stock institution or association doing a banking business, or any insurance company, whether of fire, marine, life, health, accident or other insurance, incorporated under or by any law of the United States or of this State, shall not be required to deliver to the assessor a list thereof; but the president or other chief officer of such corporation, institution or association shall, under oath, deliver to the assessor *a list of all shares of stock held therein and the names of the persons who hold the same,* with the face value thereof, and shall also deliver to the assessor a complete statement of all reserve funds, undivided profits, premiums or earnings, and all other values belonging to such corporations, companies, institutions or associations. And

such statement of shares of stock, together with the statement of reserve funds, undivided profits, premiums or earnings and other values so delivered to or furnished the assessor, shall, for the purposes of taxation, be treated as that amount of money, less the taxable value of the real estate and fixtures, subject to the right of the parties in interest, to show the impairment of such shares of stock before the board of equalization. Private bankers, brokers, money brokers and exchange dealers shall make like returns ˜and be assessed and taxed thereon in like manner as herein above provided. Insurance companies or any corporations or associations doing business on the mutual plan without capital stock, shall make like returns of the net value of all assets or values belonging thereto, which net value shall be assessed and taxed in the manner hereinbefore provided: Provided, however, that the license hereafter required to be paid by any such bankers, brokers and dealers, in addition to such taxes, shall not exceed one hundred dollars per annum." Approved April 1, 1891. [Laws 1891, p. 195.]

The amendment of 1895 reads: "The property of manufacturing companies and other corporations named in article 8, chapter 42, and all other corporations, the taxation of which is not otherwise provided for by law, shall be assessed and taxed as such companies or corporations in their corporate names. Persons owning shares of stock in banks, or any joint stock institution or association doing a banking business, or any insurance company, whether of fire, marine, life, health, accident or other insurance, incorporated under or by any law of the United States or of this State, shall not be required to deliver to the assessor a list thereof, but the president or other chief officer of such corporation, institution or association shall, under oath, deliver to the assessor *a list of all shares of stock held therein, and the face value thereof,* the value of all real estate, if any, represented by such shares of stock, together

with all reserved funds, undivided profits, premiums or earnings, and all other values belonging to such corporation, company, institution or association; and such shares, reserved funds, undivided profits, premiums or earnings, and all other values so listed to the assessor, shall be valued and assessed as other property, at their true value in money, less the value of the real estate, if any, represented by such shares óf stock. Private bankers, brokers, money brokers and exchange dealers shall make like returns, and be assessed and taxed thereon in like manner, as hereinbefore provided. Insurance companies, or any corporations or associations doing business on the mutual plan, without capital stock, shall make like returns of the net value of all assets or value belonging thereto, which net value shall be assessed and taxed in the manner hereinbefore provided: Provided, however, that the license hereafter required to be paid by any such bankers, brokers, and dealers, in addition to such taxes, shall not exceed one hundred dollars per annum. It is hereby made the duty of the county clerk to include in his abstract of the assessor's books required to be sent to the State Auditor, valuation of all property assessed under this section, under the head of 'corporate companies,' and in addition thereto he shall make out from the lists delivered to the assessor as above provided, and send the same to the State Auditor to be laid before the State Board of Equalization, on or before the 20th day of February in each year, an abstract of the assessments of all corporations or persons doing a banking or insurance business in his county, showing the name of each bank and insurance company, the number of shares of stock and their face value, amount of reserve funds, undivided profits, premiums or earnings, and all other value, together with the assessed value thereof, also the value of real estate deducted as above provided, and the assessed value of such real estate as shown by the

real estate book." Approved April 9, 1895. [Laws 1895, p. 242.]

To reach his present conclusion, respondent reasons as follows: that, as by the act of 1895, supra, all persons owning shares of stock in the banking corporations of the State are expressly exempted from furnishing or delivering to the assessor of their respective counties a list of such property, and as the presidents or other chief officers of such corporations doing business in this State are required to furnish and deliver under oath to the assessor a list of all shares of stock issued by such corporations to the assessor, and the face value thereof, but are now no longer required to give or disclose to the assessor, in the lists so furnished, the names of the person or persons who own the stock so listed for assessment, as provided by the law before the amendment of 1895, it must be determined therefrom, that the Legislature intended that the stock of banking corporations from henceforward should be assessed to the corporations required to list and give it in for assessment, as was done by the assessor in this case, and that it is no longer required to be assessed to the individual stockholder owning said shares of stock. In other words, it is respondent's contention, that the omission of the words "and the names of the persons who hold the same" (found in the act of 1891, and the act of which it was an amendment, but absent from the act of 1895, amending the act of 1891) evinces the legislative intent to change the mode and manner of assessing the shares of stock of all banking corporations of the State.

We think respondent has been led into the error of his present position by giving both too much prominence, and too much meaning to the words in question, omitted from the act of 1895. They were of little or no special significance as found in the statute prior to the amendment of 1895, and their absence from that amendatory act is absolutely of no practical consequence

whatever, and in no way operates to influence the determination of the meaning to be given to the act, or of ascertaining its purpose. If the amendment of 1895 had been confined solely to the striking out of the words in question from the law as it stood prior to the act, no change in the particular as to whom the shares of stock of banking corporations should be assessed, would have been effected; no change in the purpose or operation of the law would have occurred. To provide that the president or other chief officer of banking corporations of the State, "shall under oath deliver to the assessor a list of all shares of stock held therein, and the face value thereof," is to provide that the president or other chief officer "shall under oath deliver to the assessor a list of all shares of stock therein, and the names *of all persons who hold the same, with the face value thereof,*" as the statute read before the amendment in question. The requirement that the president or other chief officer of a banking corporation shall deliver to the assessor "a list of all shares of stock held therein" (as the term is used in the act of 1895) necessarily means that "a list of all shares of stock held therein, *and the names of the persons who hold the same, and the face value thereof,*" shall be delivered, as the term is used in the act of 1891. The term, "a list of all shares of stock," as now used in the statute, necessarily means, "a list of all shares of stock, with the names of the owner or holders thereof, and the amount of such holdings." One can not think of a list of the shares of stock of a banking corporation, independent of and without the names of its owners and the amount of their respective holdings. The language of the act in question, now section 9153, Revised Statutes 1899, with the above quoted words omitted therefrom, means all and nothing more, in so far as concerns the question as to whom the shares of stock in banking corporations shall be assessed, as did the law of which it is an amendment. To list the shares of stock of a banking corpora-

tion, one must give the number of shares of stock held by each individual shareholder and the names of the owner or owners thereof. Until that is done no list is furnished. It must also be noticed from the most casual reading of the act of 1895, and the act of 1891 of which it is amendatory, that neither the act of 1891 nor the amendment of 1895, undertook to deal with the question to whom shares of stock of banking corporations should or were to be assessed. The important change in the law sought by the act of 1895, so far as concerns banking corporations, was to have the shares of stock of such corporations (required to be listed by the chief officers thereof, for the assessors), valued and *assessed at their true value in money,* as all other property in this State, in lieu of the old plan of having such bank stocks assessed *at their face value,* as was done prior to 1895; but no change in the established policy of the law of the State requiring that property be assessed to and in the name of its true owner, or to those having the care, custody and management of same, as agent guardian, trustee, etc., for said owner, was sought or attempted.

If a change in the mode and manner of the assessment of property is to be inaugurated in this State as radical as that involved in the assessment attempted, in this case, against the defendant herein, it should be found in language most clear and unmistakable, and not worked out by vague inferences to be drawn from the mere incidental fact that a few unimportant words of a prior law have been omitted in an amendatory act, having for its main purpose, not the question as to whom property shall be assessed, but of affecting a change in the mode of valuing property of a particular kind, for assessments. But as said before, no such change in the law of our State, as that suggested by respondent, was attempted, or affected, by the amendment of 1895 in question, and the law to-day upon the subject as to whom shares of stock of banking corporate in-

stitutions shall be assessed, stands as it always has, that it be assessed in the name of its owner or owners or of those having its lawful custody and care as agents, trustees or otherwise, and not to the corporations that issued it. [Abbott v. Lindenbower, 42 Mo. 162; State ex rel. v. St. Louis County, 84 Mo. 234; City of Jefferson v. Mock, 74 Mo. 61; State ex rel. v. Railroad, 114 Mo. 7.]

Since, then, respondent concedes that prior to 1895, in this State, all shares of stock of all banking corporations were properly assessed to the individual stock or shareholder owning the same, and not to the corporations as the rule has been announced by this court in the recent case of State ex rel. Collector v. Merchants Bank of Jefferson City, 160 Mo. 640 (a case in all particulars like the present, except the bank then proceeded against was organized under the laws of this State, and not, as with defendant bank, under Federal authority), and since we have determined that by the act of 1895 no change has been made in the law affecting the question as to whom such shares of stock of banking corporations shall be assessed, a consideration of the other objection made by appellant to the assessments in question, or of the question of the right of the State to prescribe such a mode (as respondent contends has been adopted), becomes unnecessary. The assessment in this case of the shares of stock to defendant bank (of which it is agreed defendant was neither the lawful custodian at that time, nor its owner), was erroneous, and as a consequence, the tax proceeding based thereon must fail. A valid assessment has always been held an essential prerequisite to the lawful exercise of the power of taxation.

There is nothing in the facts of this case calling for a consideration of the question of the right of the State to impose upon her corporate banking institutions the duty of paying the taxes imposed against their stockholders, and of imposing penalties for their failure so

to do, as is provided in sections 9155 and 9156, Revised Statutes 1899, to which our attention is called by respondent. Those sections read:

"Sec. 9155. The taxes assessed on shares of stock embraced in such list shall be paid by the corporations, respectively, and they may recover from the owners of such shares the amount so paid by them, or deduct the same from the dividends accruing on such shares; and the amount so paid shall be a lien on such shares, respectively, and shall be paid before a transfer thereof can be made.

"Sec. 9156. If the president or other chief officer of any such corporation fail to comply with the provisions of this article, he shall forfeit to the State the sum of one thousand dollars, to be recovered by indictment in any court of competent jurisdiction."

In this action, is sought to be recovered $2,563, the amount of taxes that have been assessed against defendant bank, and not the recovery of $1,000, the penalty described by section 9156, supra, for the bank's failure to pay an assessment made against the stockholders of the bank, on account of the shares of stock held therein by them. Appellant makes no challenges of the State's authority to impose upon banking corporations, wishing to do business in this State (whether organized as state or national institution), the duty of paying taxes that may be assessed against the shareholders on account of shares of stock held by them in said banks with proper authority for the banks to reimburse themselves for such outlay, as is provided for by section 9155; but its contention is, that no such question arises in this case, and that no consideration of said sections 9155 and 9156, whether read by themselves, or in connection with section 9153, with which we are asked to read and construe them, will serve to throw any light upon the proposition for solution here, to-wit, to whom are the shares of stock in banking corporations in this State properly assessable? and in that contention we concur.

State ex rel. v. Bank of Carterville.

The judgment of the trial court was for the wrong party, and should be reversed, and it is so ordered. *Marshall, Gantt, Burgess, Valliant* and *Fox, JJ.,* concur; *Brace, J.,* dissents.