Pettibcwe, J.,
delivered the opinion of the Court.
This was an appeal from a Justice of the Peace to the Circuit Court of Jefferson-county, and from the Circuit Court to this Court.
The action was to recover the-value of a horse. No regular pleadings were made up, but from the record and proceedings returned, the trials were, in both Courts, in assumpsit, for a horse sold. The hill of exceptions says, “ it- was admitted that the summons, in this case, stated the action to he on an account, for fifty dolíais.” But no objection appears to have been.made to the form of the action. All that this Court will do in examining into the form of the action, on an appeal from a Justice of the Peace, will be to see that the Justice had jurisdiction of .the subject matter. A Justice of the Peace has jurisdiction of actions on book account, promise, or for goods, wares, merchandise, or other property, sold' and.delivered. The action stated in the summons to be on an account for fifty dollars, must mean on book account. It goes for damages, and therefore cannot mean that it was an action of account, when the judgment is, that the parties shall account together. The summons is good in substance, and defects in form cannot be regarded in- this proceeding. Even if the summons had been had in substance, still as the action tried before the Justice was such as he had jurisdiction of, I should consider all objections to the process as waived.
*306 The next objection made in this case is, that assumpsit cannot be.maintained upon the evidence set forth in the bill of exceptions..
The bill of exceptions states thatthe horse belonged to one David Beard ;• that he-ian away and came into the possession of'one McColipuch, of whom Beard had bought the horseand while he was so in possessiun of McCollouch, Beard sold the horse to plaintiff; that after the sale to the plaintiff) the horse came toihe possession of the defendant, who converted him tp his; own use that plaintiff demanded the horse, and defendant refused, to give him up. Upon this testimony the defendant’s counsel moved the Court to-instruct the jury, that the plaintiff could not recover in this actionwhich instruction was given. We are of opinion the Court erred in this instruction. It was competent for the plaintiff to waive the tort, and proceed in as-sumpsit It does not lie in the mouth of the defendant to -say he is a trespasser. In the case of Cummings and wife v. Noyes, 10 Mass. 1Rep. 436, in a.similar kind of action, the Court say, “it is competent for him (the plaintiff,) to treat the party liable to his action as a purchaser, an agent, or a bailee, whose use or disposal of the goods is thereby confirmed, and thus the value of the goods, or a fair compensation for the use of them, is recoverable,,and to be assessed in.damages. In Cowper, p.. 372, the same doctrine is laid down. We do not see the force of the objection, “ that the horse was not taken out of the immediate possession of the plaintiff.” The possession of MpCollouch is not stated.to have been adverse. Indeed the contrary, is clearly to be inferred from the evidence. McCollouch would, quo ad the possession, be considered as the servant of the plaintiff, and holding for him.
The judgment of the Circuit Court must be reversed, and the cause remanded for a new trial; and the plaintiff must have his costs on this appeal.

.) See Johnson v. Thompson, 3 Mo. R., p. 366.