## HENRY COWAN v. O. G. YOUNG, Appellant.

Division Two, April 9, 1920.

1. **ACTION AT LAW: Appellate Practice: Substantial Evidence.** A suit to recover the price of cattle sold and delivered is an action at law, and will be treated as such on appeal, although presented as though it were a suit in equity; and being an action at law, it is elementary that, unless reversible error was committed in the admission or rejection of evidence, or in the giving or refusal of instructions, the verdict of the jury, if supported by substantial evidence, must be sustained.

2. **CONVERSION: Suit on Contract: No Motion to Elect.** Where plaintiff's petition is a suit on a contract to recover the reasonable value of cattle sold and delivered, it is defendant's duty, if he is not able to determine whether the suit is one for conversion or one on contract, to file a motion to require the petition to be made more specific and definite; and if no such motion is made, and the petition waives defendant's tort in converting the cattle to his own use and proceeds in assumpsit, the case will be determined on appeal on the same theory on which it was tried, namely, not as a suit for conversion, but as an action on contract,

3. **ACTION AT LAW: Demurrer to Plantiff's Case: Waiver.** Defendant waives his demurrer to plaintiff's evidence by presenting his own evidence and requiring the jury to pass upon the entire case.

4. **SALE: Suit for Price: Prior Attachment: Election of Remedies.** The commencement of a suit in attachment against defendant as

owner for the price of cattle sold, dismissed before trial, is not inconsistent with a subsequent suit against defendant for the price of the cattle, without attachment.

5. ———: ———: **Prior Replevin: Election of Remedies.** Where a party has the right to pursue one of two inconsistent remedies and makes his election, and the action is prosecuted to final judgment, he cannot thereafter pursue the other remedy. But by bringing a suit in replevin, in which plaintiff alleged that he was the owner of the cattle sold, which suit was dismissed before trial, plaintiff did not estop himself from bringing a subsequent suit for the reasonable value of the same cattle, in which he waives the defendant's tort in converting them to his own use. There was no such election of one of two inconsistent remedies. as made the replevin a bar to a suit to recover the price for which the cattle were sold, there being no judgment or trial in the replevin suit.

6. ———: **Equitable Estoppel: Ratification.** An instruction which applies the doctrine of equitable estoppel and seeks to hold defendant, and not his agent, as the purchaser of the cattle sold, and is throughout consistent with the allegations of the petition and answer, in an action to recover the value of the property, does not present a theory of ratification, and is not erroneous.

7. **APPELLANT'S BRIEF: Failure to Comply With Rules.** Unless propositions made in appellant's brief comply with Rule 15, they will not be separately discussed.

Appeal from Jackson Circuit Court.—*Hon. T. J. Seehorn,* Judge.

Affirmed.

*Goodwin Creason* and *B. F. Deatherage* for appellant; *T. A. Witten* of counsel.

(1) Defendant's objection to the introduction of any evidence on the ground that the petition did not state a cause of action, ought to have been sustained. The facts stated in the petition, if true, would constitute a conversion of the property while the prayer is for recovery of the contract price. (2) The court erred in refusing at the close of plaintiff's case to give an instruction asked by the defendant in the nature of a demurrer

to plaintiff's evidence, because there was no evidence tending to prove either (a) that defendant bought the cattle in question from plaintiff or at any time agreed, either in person or by agent, expressly or impliedly, to pay plaintiff for said cattle, or (b) tending to prove that defendant had any notice or knowledge that Jersig (if he so did) had represented to plaintiff that he was defendant's agent to purchase said cattle for defendant and to enter into a contract with plaintiff concerning same, before defendant had received and used said cattle, and there was nothing to submit to the jury either upon the theory that the suit was upon a contract or upon the theory that it was an action in tort for a conversion. (3) If the present suit is on an alleged contract, to recover the price of the cattle, then the court erred in refusing to give, at the close of plaintiff's case, an instruction asked by defendant in the nature of a demurrer to the evidence because the evidence of plaintiff disclosed that he had previously elected to claim the cattle and had brought and prosecuted a suit in replevin therefor, and is thereby barred from prosecuting this action. Dry Goods Co. v. Warden, 151 Mo. 578; Light & Power Co. v. Machine Co., 170 Mo. App. 232; 15 Cyc. 257, 259, 260; Milling Co. v. Burns, 152 Mo. 350; 15 Cyc. 262; McWilliams v. Thomas, 74 S. W. 596; Snyder Co. v. Brown, 46 S. W. 108; Parker v. Panhandle Natl. Bank, 34 S. W. 196; Sullivan v. Ross, 113 Mich. 311; MacMurray-Judge Iron Co. v. St. Louis, 138 Mo. 608; Welsh v. Corder, 95 Mo. App. 45; Avery & Son v. Texas Loan Co., 62 S. W. 793; Tamer v. Compton Hill Imp. Co., 192 Mo. 379; Bigelow on Estoppel (5 Ed.), 673. (4) The court erred in submitting to the jury in instruction "B" the theory of a ratification by defendant of acts and representations of Jersig, because there was no evidence in the case to support that theory. Nor was ratification pleaded. Lipscomb v. Talbot, 243 Mo. 28; Wade v. Hardy, 75 Mo. 394; Capital Bank v. Armstrong, 62 Mo. 59; Noble v. Blunt, 77 Mo. 242; Loving Co. v. Cattle Co., 176 Mo. 353; McClanahan v. Payne, 86 Mo. App.

292.; Weil v. Posten, 77 Mo. 287; Glass v. Galvin, 80 Mo. 302; Lenox v. Harrison, 88 Mo. 495; Christian v. Ins. Co., 143 Mo. 469.

*New, Miller, Camack & Winger* and *P. E. Reeder* for respondent.

(1)   Defendant's objection to the introduction of any evidence on the ground that the petition did not state a cause of action was properly overruled by the trial court. Sufficient facts were alleged in the petition to state a cause of action upon a contract by plaintiff with the defendant, acting through his agent Jersig, and even though a cause of action for conversion of the cattle may have also been set forth in the petition, and even though such cause of action for conversion may have been improperly united with one on contract in the petition, such improper joinder was waived by the defendant for his failure to attack the petition before answer, either by demurrer or by motion.   Secs. 1800, 1804, R. S. 1909; House v. Lowell, 45 Mo. 381; Stone v. Perkins, 217 Mo. 586; Bailey v. Houston, 58 Mo. 361; Meade v. Brown, 65 Mo. 552; Hendricks v. Calloway, 211 Mo. 536; Koehler v. Rowland, 205 S. W. (Mo.) 221; Finnell v. Met. Ry., 159 Mo. App. 522; City Light Co. v. Machine Co., 170 Mo. App. 231; Connihan v. Thompson, 111 Mass. 272; Stewart v. Hayden, 72 Fed. 412; Stewart v. Hayden, 169 U. S. 15.   (2) The court properly refused defendant's demurrer to the evidence at the close of plaintiff's case because there is ample evidence in the record showing, (a) that Jersig bought the cattle from Cowan for Young as the latter's agent and agreed in behalf of Young to pay for them and that Jersig was the duly authorized agent of Young to make such purchase; and (b) that Young, thereafter fully ratified the acts of Jersig in purchasing the cattle for him and in his behalf, acting as Young's agent.   Hilz v. Mo. Pac. Ry. Co., 101 Mo. 36; Riggs v. Railroad, 216 Mo. 310; Jackson v. Stanfield, 23 L. R. A. (Ind.) 598; Ralston v.

Kohl, 30 Ohio St. 92; 31 Cyc. 1661; Hackett v. Van Frank, 105 Mo. 399; 31 Cyc. 1275; McLachlin v. Barker, 64 Mo. App. 522; Bowlin v. Creel, 63 Mo. App. 229; Fahy v. Grocery Co., 57 Mo. App. 73; Mayer v. Old, 57 Mo. App. 639; Griswold v. Haas, 177 S. W. 728; Clark v. Clark, 55 Mo. App. 535, (3) The institution of the replevin suit in Oklahoma did not preclude or bar the plaintiff from filing and maintaining the present suit and is no defense in this action. City L. & P. Co. v. Machine Co., 170 Mo. App. 224, 231; Taylor v. Short, 107 Mo. 392; Otto v. Young, 227 Mo. 219; Steinbach v. Murphy, 143 Mo. App. 537, 540; Johnson v. Bank, 198 S. W. 990; Meinershagen v. Taylor, 169 Mo. App. 12; Trust & Savings Bank v. Bloodworth, 174 Pac. 545.

RAILEY, C.—This action was commenced in the Circuit Court of Jackson County, Missouri, on April 15, 1915. The petition alleges in substance that, on or about May 31, 1913, defendant made a verbal arrangement with one E. P. Jersig, to purchase for him a large number of cattle at or near the City of Kerrville, Texas, among them being 246 head of three and four-year-old steers, which were to be shipped from Kerrville aforesaid, to defendant, at the City of Schulter, Oklahoma; that defendant, at said time, arranged with and instructed Jersig to pay for said cattle, by drawing upon defendant for the purchase price of same, at the time of loading said steers on board the cars, at Kerrville aforesaid; that the purchase price of said steers was not to exceed $40 per head for all three-year-old steers, and not to exceed $45 per head for four-year-old steers; that pursuant to said arrangement and instructions, said Jersig purchased from plaintiff for defendant, 246 head of three and four-year-old steers, at the agreed price of $9,865; that at the time of said purchase, said steers were reasonably worth said amount; that on or about said date, said steers were delivered by plaintiff, on board the cars at Kerrville aforesaid, billed to defendant, at Schulter, Oklahoma; that at the time of loading said cattle, said

Jersig drew on defendant, through the Comfort State Bank, for $14,559.55, said amount including the purchase price of said 246 steers, together with the purchase price of other cattle, which were loaded at the same time and place; that at the same time, said Jersig gave plaintiff a check for the sum of $9,865, drawn on said Comfort State Bank, being the purchase price of the steers aforesaid; that said check bore the indorsement that the same was not to be paid, until said draft, drawn by said Jersig, on defendant as aforesaid, had been paid by the latter; that at the time of the purchase of said cattle, and the loading of same, at Kerrville aforesaid, it was understood and agreed between said Jersig and plaintiff, that the title to said cattle should remain in plaintiff until said draft, drawn on defendant, as heretofore alleged, had been paid by the latter; that said cattle arrived at the City of Schulter, Oklahoma, on or about the —— day of May, 1913, and immediately upon their arrival, defendant took and retained possession of same, refused to honor the draft aforesaid, has ever since refused to pay the same, or to pay for said cattle, although frequently requested so to do, and has refused to deliver up said cattle to plaintiff; that at the time of the arrival of said cattle at Schulter aforesaid, they were reasonably worth said sum of $9,865; that by reason of the foregoing, defendant is now indebted to plaintiff in said sum of $9,865, for which amount, with interest thereon at six per cent per annum, from May 12, 1913, and costs of suit, plaintiff prays judgment, etc.

(1)   The amended answer contains a general denial.

(2)   It charges in substance that plaintiff sold the cattle in controversy to E. P. Jersig, and received from him in payment of same, a check on the Comfort State Bank of Kerrville, Texas, payable at a later date; that he delivered said cattle to Jersig in Texas, and thereby waived cash payment for same; and passed the title thereto to said Jersig.

(3)   That he (defendant) purchased a certain number of cattle from Jersig, which were delivered to him

by the latter, at Schulter, Oklahoma; that upon delivery of same, he paid part of the purchase price thereof; that if Jersig had not paid for said cattle, defendant had no knowledge of that fact, nor whether they were the same cattle Jersig bought from plaintiff, etc.

(4) That about March, 1913, Jersig was indebted to him about $20,000, represented by notes, which were secured by chattel mortgage on certain cattle claimed to be owned by Jersig, then in Texas; that said notes are past due and remain unpaid; that Jersig represented to defendant that he could gather and deliver to him at Schulter, Oklahoma, about 350 head of cattle so mortgaged by him as security for defendant's indebtedness aforesaid; that he had purchased and then owned about 300 head of other cattle which he desired to sell, being three and four-year-old steers, which he represented to be of a certain quality, weight and grade; and which he was willing to sell to defendant, at $45 for all four-year-olds, and $40 for all three-year-olds; that it was then agreed between them, that defendant would credit upon his indebtedness owing to him by Jersig, all of the cattle under mortgage aforesaid which should be delivered by Jersig, at Schulter aforesaid, at $50 per head; and should also credit upon said indebtedness, or the balance thereof, the other cattle which Jersig represented he owned, and which he proposed to sell to defendant at $45, for the fours and $40 for the threes; and if the total number of cattle so delivered, amounted, at the prices aforesaid, to more than defendant's indebtedness, that defendant would pay the difference to said Jersig at Schulter aforesaid, upon the delivery of said cattle to defendant at Schulter; that Jersig delivered to defendant at said place, in May, 1913, in accordance with said agreement, 393 head of cattle, which, at the price aforesaid, less $939.70 paid by defendant for freight, amounted to $16,220.30, which was insufficient to pay the entire indebtedness of said Jersig to defendant Young as aforesaid; that ever since the delivery of said cattle as aforesaid, defendant has stood ready and willing to credit

Jersig's indebtedness to him with the full amount of the purchase price of the cattle, at the prices aforesaid.

(5) That if the cattle in controversy were sold by plaintiff to Jersig, and were to be paid for in cash, and if they were not paid for by said Jersig in cash, then plaintiff by his acts and conduct, has waived his right to demand payment in cash, and to retain the title to said cattle until paid for, and has ratified and confirmed the sale to said Jersig, especially in this, that he elected to sue for the purchase price thereof, and on June 5, 1913, commenced an action in the District Court of Okmulgee County, Oklahoma, against defendant and said Jersig to recover the purchase price of said cattle and caused an order of attachment to be issued out of said court, in said cause, commanding the sheriff of said county to attach the property of said Jersig and this defendant; that thereafter, the sheriff aforesaid attached a number of cattle belonging to this defendant, under and by virute of said writ of attachment; that thereafter said attachment proceedings were dismissed at plaintiff's costs.

(6) That after the dismissal of said cause plaintiff commenced in said court in 1913, an action of replevin, wherein and whereby he claimed to be the owner and entitled to the immediate possession of the cattle so alleged to have been delivered to him by said Jersig, at Kerrville, aforesaid, and claimed to have been shipped by Jersig, and delivered to defendant at Schulter, Oklahoma, in May, 1913; that a writ of replevin was issued in said cause, placed in the hands of the sheriff, and by him levied on said cattle; that defendant gave bond and retained possession of said cattle, and filed an answer in said cause; that said cause was called for trial, a jury impaneled, evidence heard, and plaintiff dismissed said replevin suit; that by reason of the acts and conduct of plaintiff, as aforesaid, he has waived all rights, if any he had, to demand payment in cash for said cattle from Jersig, and to retain the title to said cattle until paid for, and has thereby ratified and confirmed the sale

made by him to said Jersig, and estopped himself from claiming either said cattle or the purchase price thereof from this defendant. Wherefore, etc.

(1) The reply contained a general denial.

(2) It alleges that the cattle mentioned in petition were sold to defendant Young, through his duly authorized agent, E. P. Jersig; that at the time of said sale, the latter had full authority from defendant to purchase said cattle at the price specified in petition.

(3) That at the time of said sale to defendant, through said agent Jersig, it was expressly agreed between this plaintiff and said Jersig, representing defendant, that the title to said cattle should be and remain in this plaintiff until the full amount of the purchase price agreed upon as set forth in the petition herein, had been paid to this plaintiff, which fact was known to defendant at and when he came into possession of said cattle.

(4) That defendant, well knowing that said cattle had not been paid for by him in person, or through his said agent Jersig, took and retained possession of said cattle, without paying anything in value whatsoever therefor; and for the purpose of placing title to said cattle beyond the reach of this plaintiff: and without plaintiff at that time receiving any consideration therefor. immediately executed and recorded a mortgage on said cattle to the firm of Smith & Ricker of Kansas City, Missouri. for the full value thereof.

(5) That it is the general law of Texas that one receiving personal property from another, under an agreement to apply the same, upon a past due indebtedness, receives such property, subject to all claims or equities of third persons therein; and that one so receiving and applying goods upon a pre-existing indebtedness without any other consideration passing therefor, is not a bonafide purchaser in good faith for value, as against the rights of third persons in such property. Wherefore, etc.

To obviate repetition, the evidence, instructions and rulings of the trial court, as far as may be deemed necessary, will be considered in the opinion.

On December 15, 1915, the jury returned a verdict in favor of plaintiff for $11,357.41, and judgment was entered in due form thereon. Defendant, in due time, filed motions for a new trial and in arrest of judgment. Both motions were overruled and the cause duly appealed by him to this court.

I.   This is purely an action at law, although it has been presented here, as though it were a proceeding in equity, which would warrant us in passing upon contested facts.   In view of the numerous decisions heretofore rendered, it has become elementary law, in this juris-diction, that, unless reversible error was commit-

Action at Law.

ted by the trial court in the admission or rejec-tion of testimony, or in the giving or refusal of instructions, the verdict of the jury, if sustained by sub-stantial evidence, is conclusive as to the facts.  [Franke v. Franke, 213 S. W. 41-2; Bingham v. Edmonds, 210 S. W. 885, and cases cited; Boas v. Branch, 208 S. W. l. c. 86; Walker v. Roberts, 204 S. W. l. c. 18; Roloson v. Riggs, 274 Mo. 528, 203 S. W. l. c. 975; In re Lankford Estate, 272 Mo. l. c. 8, 197 S. W. 147.]  Keeping in mind the law as settled in respect to foregoing matter, we will proceed to a consideration of the "Points and Authori-ties" presented by appellant, as containing the grounds upon which he relies for a reversal of the cause.

II.   It is insisted by appellant that his objection to the introduction of any evidence, under plaintiff's peti-tion, should have been sustained, for the alleged reason

Conversion.

that the facts stated in the petition, if true, would constitute a conversion of the property, while the prayer, is for the recovery of the contract price.

On page 14 of appellant's brief, it is said: "The facts alleged in the petition in this case, if taken sepa-rately, are sufficient to state a cause of action on a con-tract, and also a cause of action in conversion."

If the defendant was not certain as to what kind of an action the petition contained, and desired informa-tion on that subject, he should have moved the court to

require the petition to be made more specific and certain. That question was not raised, however, by motion or otherwise, as the objection made did not cover this subject. The petition contains a plain and concise statement of the facts constituting plaintiff's cause of action. In substance, it charges that defendant, in May, 1913, took possession of 246 head of cattle, at Schulter, Oklahoma, belonging to plaintiff, without paying the purchase money therefor; that said cattle, when received by defendant at Schulter, Oklahoma, were reasonably worth $9,865. The petition waives the tort of defendant in converting the cattle to his own use, and proceeds against him in assumpsit for the reasonable value of the cattle at the time they were converted by defendant, with interest thereon from May 12, 1913, at the rate of six per cent per annum. [Floyde v. Wiley, 1 Mo. 430 and 644; Tamm v. Kellogg, 49 Mo. l. c. 120; Gordon v. Bruner, 49 Mo. l. c. 571-2; Johnson-Brinkman Co. v. Central Bank, 116 Mo. l. c. 568-9; Clifford Banking Co. v. Donovan Com. Co., 195 Mo. l. c. 288-9; Bank v. Bank, 244 Mo. l. c. 581-2; Whitecotton v. Wilson, 197 S. W. l. c. 170; Pile v. Bank, 187 Mo. App. l. c. 65.]

The above contention is devoid of merit and is accordingly overruled.

III. Appellant's second assignment of error, reads as follows: "The court erred in refusing at the close of plaintiff's case to give an instruction asked by the defendant, in the nature of a demurrer to plaintiff's evidence." (Here follow the reasons for above contention).

This assignment of error cannot be sustained for two reasons: First, because the evidence was amply sufficient to warrant the jury in returning a verdict for plaintiff, and, second, because appellant failed to stand on his demurrer, but presented his own evidence, thereby waiving the demurrer, and requiring the jury to pass upon the entire case, as though no demurrer had been filed. [Lareau v. Lareau, 208 S. W. l. c. 243; Riley v. O'Kelly, 250 Mo. l. c. 660,

**Demurrer to Case.**

157 S. W. 566; Riggs v. Railroad, 216 Mo. 1. c. 310, 115 S. W. 969; Hilz v. Ry. Co., 101 Mo. 1. c. 42, 13 S. W. 946; McPherson v. Ry. Co., 97 Mo. 1. c. 255, 10 S. W. 846; Guenther v. Ry. Co., 95 Mo. 1. c. 289, 8 S. W. 371; Bowen v. Ry. Co., 95 Mo. 1. c. 275-6, 8 S. W. 230.]

IV. Appellant's third assignment of error is in the following language: "If the present suit is on an alleged contract, to recover the price of the cattle, then the court erred in refusing to give, at the close of plaintiff's case, an instruction asked by defendant in the nature of a demurrer to the evidence, because the evidence of plaintiff disclosed that he had previously elected to claim the cattle and had brought and prosecuted a suit in replevin therefor, and is thereby barred from prosecuting this action.

**Election of Remedies.**

The demurrer to the evidence, at the close of plaintiff's case, was properly overruled for the reasons assigned in the preceding paragraph. There is no merit in this contention for additional reasons. Plaintiff, a resident of Texas, was confronted with the proposition that his cattle were taken by defendant at Schulter, Oklahoma, a mortgage placed thereon, for the value of same, and the mortgage recorded, without the cattle having been paid for by defendant, and without plaintiff's consent. The latter employed counsel, and upon their advice a suit by attachment was brought against defendant and Jersig for $9,840, the value of the 246 head of cattle belonging to plaintiff. This suit was dismissed by plaintiff without any judgment on the merits having been rendered. If the mere commencement of a suit, afterwards dismissed, is an election as to inconsistent remedies, which precludes the plaintiff from changing his position, as contended for by defendant, then the plaintiff would be held bound to proceed against defendant for the value of the cattle, as he is attempting to do in the present action. In other words, plaintiff proceeded against defendant in the attachment suit as owner of the cattle, and sought to collect the purchase price of

same. In the present action, he is still proceeding against defendant as the owner of the cattle, and seeking to recover from him the unpaid purchase price for same. There is no inconsistency, therefore, between the attachment suit, and the present action, as to the ownership of the 246 head of cattle.

Appellant contends that as an action of replevin was afterwards brought by plaintiff, against defendant in Oklahoma, for the possession of said cattle, in which plaintiff claimed to be the owner thereof, he is bound by this election, although the replevin suit was also dismissed by plaintiff without any judgment having been rendered on the merits of the controversy. The present petition, still claims, that plaintiff was the owner of the cattle, when taken by defendant at Schulter, Oklahoma, in May, 1913, but, as was done in the attachment suit, plaintiff waived the tort of defendant in converting to his own use the cattle aforesaid, without paying therefor, and proceeded against him for the reasonable value of the cattle thus taken.

Without undertaking to review the authorities cited by respective counsel, relating to this subject, we simply quote the general rule, recognized in this State, as declared by Judge MARSHALL, in Tower v. Compton Hill Imp. Co., 192 Mo. l. c. 393, relied on by defendant, wherein he quotes from Johnson-Brinkman Com. Co. v. Ry. Co., 126 Mo. l. c. 349, as follows:

"In the case last cited it was said: 'It is well settled law that where a party has the right to pursue one of two inconsistent remedies, and he makes his election, and institutes his suit, in case the action thus begun is prosecuted to final judgment, or the plaintiff has received anything of value under a claim thus asserted, he cannot thereafter pursue another and inconsistent remedy.'"

The principle of law declared in the above quotation is now well settled in this State. [Leonard v. Martin, 214 S. W. l. c. 971; Smith v. Becker, 184 S. W. l. c. 947; Otto v. Young, 227 Mo. l. c. 219.]

Cowan v. Young.

In Smith v. Becker, 184 S. W. at page 947, the rule is stated by Judge TRIMBLE, in respect to this subject, as follows: ''The bringing of the suits which were dismissed before trial is not such an election as will prevent the plaintiff from bringing the present suit to recover the stock itself.''

We are of the opinion, that there is no merit in the foregoing contention, and especially so, as defendant acquired and retained plaintiff's cattle without paying him therefor.

V.   It is contended by appellants that: ''The court erred in submitting to the jury in Instruction 'B' the theory of a ratification by defendant of acts and representations of Jersig, because there was no

Ratification.   evidence in the case to support that theory. Nor was ratification pleaded.''   Said instruction reads as follows:

''The court instructs the jury that if you find and believe from the evidence that on the —— day of May, 1913, plaintiff delivered to Jersig the 246 head of cattle mentioned in evidence, upon the representation of said Jersig that he was buying the same for the defendant, O. G. Young, and that said Young would pay for same before title thereto would or should pass to him; that said cattle were shipped to and received by the said Young; that said Young did not pay for said cattle upon receipt thereof, but neglected and refused so to do; that said Young knew the terms and conditions of said shipment, including the price agreed to be paid therefor, or was thereafter informed of the terms and conditions under which said cattle were delivered for shipment as aforesaid, and the price to be paid therefor; that after being so informed and knowing that said cattle were not paid for, and of the representations, if any, so made to plaintiff by said Jersig, the defendant retained possession of said cattle, claiming title thereto, then defendant cannot deny the agency of Jersig in said transaction, and

became and is bound by the terms and conditions under which said cattle were shipped, and your verdict should be for plaintiff for the full amount of the contract price of said cattle, if any is proven, not to exceed the sum of $9,865, to which you may add interest thereon at the rate of six per cent per annum from June 5, 1913."

It says nothing whatever about ratification. It authorized the jury if they found the facts submitted therein, in favor of plaintiff, to apply the doctrine of equitable estoppel, and hold defendant as the purchaser of the property, from plaintiff, and not from Jersig. Said instruction is not only based upon the allegations of the reply, but contains a correct statement of the law applicable to the facts of the case. [Railroad v. Bridge Co., 215 Mo. l. c. 297-8; Proctor v. Nance, 220 Mo. l. c. 114-5-6; Hector v. Mann, 225 Mo. l. c. 251; Railroad v. Kemper, 256 Mo. 279-290-1; State ex rel. v. Citizens' Bank, 274 Mo. 60, 73, 202 S. W. 382.] The above assignment of error is accordingly overruled.

VI. Propositions six to twelve inclusive of defendant's brief do not comply with that part of Rule 15 of this court, which reads as follows:

"The brief for appellant shall distinctly allege the errors committed by the trial court, and shall contain in addition thereto: (1) a fair and concise statement of the facts of the case without reiteration, statements of law, or argument; (2) a statement, in numerical order, of the points relied on, with citation of authorities thereunder, and no reference will be permitted at the argument to errors not specified," etc.

In view of this rule, we have not discussed the above propositions, as we did the others heretofore considered. We have, however, carefully read and re-read both abstracts of the record, and the respective briefs of counsel. We are of the opinion that the case was carefully and properly tried; that no error was committed in the giving or refusal of instructions; that there is substantial evidence in the record sustaining the verdict of the jury as

to all the material issues in the case, and that the judgment below was for the right party.

We accordingly affirm the judgment. *White* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.